Dear Mr. Rambo:
Reference is made to your recent request for the opinion of this office regarding the Monroe City Marshal's office. Specifically, you have asked this office to address whether the funds of the Marshal's office may be used to reimburse Marshal Reitzell and Chief Deputy Highshaw for attorney's fees incurred in connection with criminal charges brought against them.
According to your correspondence, the Marshal and his Chief Deputy were tried and acquitted in Federal Court on criminal charges which included bank fraud, mail fraud and conspiracy. However, the Marshal and his Chief Deputy still face a State Court prosecution for public contract fraud in January of 1995. As we understand your letter, both the Federal and State charges arise out of the same facts and circumstances regarding the lease and purchase of certain buildings with funds of the Marshal's office.
This office has consistently opined that if a public official or employee is prosecuted for a criminal offense and is found not guilty and the alleged offense arose out of the performance of his official functions, then the public body that employs that person may pay the reasonable attorney's fees and expenses that result from the defense against such charges. Atty. Gen. Op. No. 94-384, 93-376, 91-474, 89-110. It is, however, our opinion that the factual scenarios which gave rise to prior opinions, differ from the scenario which you present. Although the Marshal and his Chief Deputy have been acquitted on all Federal charges, they still face the State charges, which as previously noted, arise out of the same facts and circumstances as the Federal charges. As such, the Marshal and his Chief Deputy have not been completely exonerated of all wrongdoing.
It is the opinion of this office that public funds cannot be utilized to reimburse the legal fees of public officials and employees who are prosecuted for a criminal offense, unless and until such time as such officials or employees are completely exonerated of all wrongdoing arising out of the facts and circumstances which gave rise to the criminal charges. The funds of the Marshal's office should not be used to reimburse the Marshal and his Chief Deputy for the attorney's fees incurred in their defense of the Federal criminal charges, unless and until they are exonerated of all State charges as well. Our position in this regard is consistent with R.S. 42:1442, particularly paragraph A thereof.
Your letter referred to a number of opinions previously rendered by this office, including Opinion Number 94-369. Please be advised that the conclusion originally reached in Opinion No. 94-369 has been modified by Opinion No. 94-369A, a copy of which is enclosed herewith.
We trust this adequately responds to your request. Please do not hesitate to contact us if we can be of further assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
Enclosure
Mr. J. Wilson Rambo 2022 Forsythe Avenue Monroe, Louisiana 71201
DATE RECEIVED: DEC. 7, 1994
DATE RELEASED:
JEANNE-MARIE ZERINGUE BARHAM, ASSISTANT ATTORNEY GENERAL